BRIAN WHELAN  256534
(brian@whelanlawgroup.com)
WHELAN LAW GROUP
1827 E. Fir Ave. #110
Fresno, California 93720
Telephone:  (559) 437-1079
Facsimile:   (559) 437-1720

WILLIAM K. NELSON 279450
(wnelson@sierraiplaw.com)
MARK D. MILLER 116349
(mmiller@sierraiplaw.com)
SIERRA IP LAW, PC
A Professional Corporation
7030 N. Fruit Ave., Suite 110
Fresno, California 93711
Post Office Box 5637
Fresno, California  93755-5637
Telephone:  (559) 436-3800
Facsimile:   (559) 436-4800

Attorneys for Plaintiffs
BEAUMONT RV, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

* * *

| | |
|---|---|
| BEAUMONT RV, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CARBON EMERY RV, INC., a Utah Corporation.<br><br>Defendant. | **Case No. 1:22-CV-00073-AWI-HBK**<br><br>**MOTION FOR ADMINISTRATIVE RELIEF UNDER LOCAL RULE 233 TO ALLOW LATE FILING OF PAPERS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>**Complaint Filed:   January 17, 2022** |

Plaintiff BEAUMONT RV, INC. ("Plaintiff" or "Beaumont") hereby moves for leave to file Plaintiff's papers in opposition to the Motion to Dismiss filed by of Defendant CARBON EMERY RV, INC. ("Defendant" or "Carbon Emery"). Copies of the proposed opposition papers are attached hereto collectively as Exhibit A to the accompanying Declaration of Counsel Brian Whelan.

LAW OFFICES
Sierra IP Law, PC
A Professional Corporation
7030 North Fruit Avenue
Suite 110
P. O. Box 5637
Fresno, CA  93755-5637

1

EX PARTE APPLICATION OF PLAINTIFF FOR ORDER ALLOWING LATE FILING OF PAPERS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION AND FACTUAL BACKGROUND

This is an action for trademark infringement brought by Plaintiff Beaumont against defendant Carbon Emery. The complaint was filed on January 17, 2022 and served shortly thereafter. On February 8, 2022, Defendant requested, and Plaintiff stipulated to extend time by twenty-eight (28) days for Defendant to respond to the complaint (ECF 7). Thereafter, on March 21, 2022, Defendant filed a Motion to Dismiss (ECF 10). Pursuant to the revised version of Local Rule 230 that went into effect on March 1, 2022, Plaintiff's opposition to the Motion to Dismiss was due fourteen (14) days after the motion was filed, i.e. by <u>April 4, 2022</u>. (L.R. 230(c).) The previous version of Local Rule 230 called for the opposition to be filed fourteen (14) days before the hearing date, which would have been <u>April 11, 2022</u>. Counsel for Plaintiff was not aware of the recent change in Local Rule 230, and calendared April 11, 2022 as the date for filing the opposition (see Exhs. A, B, and C hereto). This oversight was brought to the attention of Plaintiff's counsel by defense counsel the day after the brief was due (April 5, 2022). Plaintiff's counsel thereafter requested that defense counsel stipulate to the late filing of Plaintiff's opposition, but that request was refused, resulting in the present motion for administrative relief.

## II. ARGUMENT

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure governs this request: "(b)(1) When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

In this case, the standard for excusable neglect is met. The amended local rule only went into effect just over one month ago, and Plaintiff's counsel did not become aware of the change until minutes before the close of business on April 5, 2022. Before the change, the deadline for filing an opposition was based on the hearing date for the motion; it is now based on the filing date of the motion. In this instance, the difference is only a matter of one (1) week – from April 4, 2022 until April 11, 2022. Further, had Defendant filed the motion within the statutory time to

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

2

EX PARTE APPLICATION OF PLAINTIFF FOR ORDER ALLOWING LATE FILING OF PAPERS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

respond, instead of with additional time granted by Plaintiff, the old rule would have been in effect. Allowing the late filing of Plaintiff's opposition will still give the moving party plenty of time to prepare and file a reply before the hearing date, so there is no prejudice to the moving party.

In addition, since the underlying motion is a Motion to Dismiss, because of the strong policy favoring resolving issues on the merits, rather on procedural technicalities, the Court should exercise its discretion and grant the motion for Plaintiff to file the late opposition brief. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

### III. CONCLUSION

Because the standard for excusable neglect has been met, and there is no prejudice to the moving party, in order to promote the strong policy of resolving matters on the merits, the Plaintiff's motion for leave to file late opposition papers should be granted.

Dated:  April 8, 2022

                              SIERRA IP LAW, PC
                              A Professional Corporation


                          By   /*William K. Nelson*/
                                WILLIAM K. NELSON
                                Attorneys for Plaintiff,
                                BEAUMONT RV, INC.

LAW OFFICES
Sierra IP Law, PC
A Professional Corporation
7030 North Fruit Avenue
Suite 110
P. O. Box 5637
Fresno, CA  93755-5637

3

EX PARTE APPLICATION OF PLAINTIFF FOR ORDER ALLOWING LATE FILING OF PAPERS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2022, the foregoing was filed using CM/ECF, which automatically sent a notification of the filing to all counsel of record.

By  /*William K. Nelson*/
WILLIAM K. NELSON
Attorneys for Plaintiff,
BEAUMONT RV, INC.

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA 93755-5637

4

EX PARTE APPLICATION OF PLAINTIFF FOR ORDER ALLOWING LATE FILING OF PAPERS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS