1  BRIAN WHELAN  256534
   (brian@whelanlawgroup.com)
2  WHELAN LAW GROUP
   1827 E. Fir Ave. #110
3  Fresno, California 93720
   Telephone:  (559) 437-1079
4  Facsimile:  (559) 437-1720

5  WILLIAM K. NELSON 279450
   (wnelson@sierraiplaw.com)
6  MARK D. MILLER 116349
   (mmiller@sierraiplaw.com)
7  SIERRA IP LAW, PC
   A Professional Corporation
8  7030 N. Fruit Ave., Suite 110
   Fresno, California 93711
9  Post Office Box 5637
   Fresno, California  93755-5637
10 Telephone:  (559) 436-3800
   Facsimile:  (559) 436-4800

11
   Attorneys for Plaintiffs
12 BEAUMONT RV, INC.

13              UNITED STATES DISTRICT COURT

14            EASTERN DISTRICT OF CALIFORNIA

15                        * * *

16 BEAUMONT RV, INC.,                 )   Case No. 1:22-CV-00073-AWI-HBK
   a California Corporation,          )
17                                    )   **MEMORANDUM OF POINTS AND**
                     Plaintiff,       )   **AUTHORITIES OF PLAINTIFF**
18                                    )   **BEAUMONT RV, INC. IN OPPOSITION**
             v.                       )   **TO DEFENDANT CARBON EMERY RV,**
19                                    )   **INC.'S MOTION TO DISMISS THE**
   CARBON EMERY RV, INC., a Utah      )   **COMPLAINT**
20 Corporation.                       )
                                      )   **Date:        April 25, 2022**
21                   Defendant.       )   **Time:        1:30 p.m.**
                                      )   **Judge:       Hon. Anthony Ishii**
22                                    )   **Courtroom:  2**
                                      )
23 _____   )   **Complaint Filed:  January 17, 2022**

24      Plaintiff BEAUMONT RV, INC. ("Plaintiff" or "Beaumont") respectfully submits this

25 memorandum of points and authorities in opposition to the motion of defendant CARBON

26 EMERY RV, INC. ("Defendant" or "Carbon Emery") to dismiss the complaint of Beaumont

27 pursuant to Fed.R.Civ.P., Rule 12(b)(2) on the grounds that this Court lacks personal jurisdiction

28 over Carbon Emery.

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. BOX 5637
FRESNO, CA 93755-5637

i

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO
DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

1

**TABLE OF CONTENTS**

2

**Page**

3  I.  INTRODUCTION ...................................................................................1

4  II.  FACTUAL BACKGROUND ....................................................................2

5  III.  ARGUMENT ........................................................................................4

6

7  A.  Legal Framework for a Motion to Dismiss for Lack of Jurisdiction ..........4

8  B.  Carbon Emery is Subject to Specific Personal Jurisdiction in California ...6

9  1.  Specific Personal Jurisdiction Exists over Carbon Emery Based

10  On its Acts of Trademark Infringement Directed at California .......6

11  a.  Carbon Emery Purposefully Directed its Activities Toward

12  California and Plaintiff ..................................................................6

13

14  b.  Carbon Emery Conducts Business Through a Highly Interactive

15  Website ...................................................................................7

16  c.  Carbon Emery Conducts Business Through a Highly Interactive

17  Website ..................................................................................10

18  d.  Plaintiff's Complaint Arises Directly out of Carbon

19  Emery's California Activities .....................................................11

20  e.  The Exercise of Specific Jurisdiction Over Carbon

21  Emery is Reasonable.................................................................12

22

23  C.  The Motion to Dismiss Under Rule 12(b)(6) Should be Denied ...............13

24  IV.  REQUEST FOR LIMITED DISCOVERY .........................................15

25  A.  The Evidence Submitted by Carbon Emery Requires Examination..........15

26  V.  CONCLUSION.....................................................................................16

27

28

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. BOX 5637
FRESNO, CA  93755-5637

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO
DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CASES

Page(s)

*Ballard v. Savage*, 65 F.3d 1495 (9th Cir.1995)......................................................................11,12

*Bancroft  & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082 (9th Cir.2000).........................7,8

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017)...............................5

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) .............................................................8

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528
(1985)........................................................................................................................6,10,12

*Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 9 L.Ed.2d 804 (1986)....................................6,7

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066 (9th Cir. 2011) ...............................4

*Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163 (2000) ..................................13,14

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) ..........................................8,9,10

*Daimler AG v. Bauman*, 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) ........................5

*Facebook, Inc. v. ConnectU LLC*, 2007 U.S. Dist. LEXIS 61962 (N.D. Cal. 2007) ...................10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ..................................5

*Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758 (9th Cir. 1990)*....................................10,12

*Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F. 3d 1122 (9th Cir. 2003) 15

*Int'l Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ...........................5

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003)  ................................13, 14

*Lake v. Lake,*  817 F.2d 1416 (9th Cir. 1987) ......................................................................5

*Nissan Motor CO. Ltd. v. Nissan Computer Corp.* 89 F.Supp.2d 1154 (C.D. Cal. 2000) ............12

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267 (9th Cir. 1995) ..................................6

*Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670 (S.D. Cal. 2001) ...........................10

*Panavision Int'l, L.P. v. Toeppen* 141 F.3d 1316 (9th Cir. 1998) .........................................6,7

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) ....................................................9

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. BOX 5637
FRESNO, CA  93755-5637

iii

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO
DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Picot v. Weston* 780 F.3d 1206 (9th Cir. 2015) ...........................................................5

*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2000) ...................8

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir.2004) ..............4,5,6

*Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990) ...........................................................4

*Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191 (9th Cir.1988) ...............................12

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406 (9th Cir. 1977) ................15

*Wine Bottle Recycling v. Niagara Sys. LLC*, No. 12-1924 SC, 2013 U.S. Dist. Lexis 37273 (N.D. Cal Mar. 18, 2013) ........................................................................................15

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir.2006) ...7

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D. Pa. 1997) ................8

**TABLE OF RULES AND STATUTES**

Fed. R. Civ. P. 12(b)(2)...................................................................................................4

Fed. R. Civ. P. 12(b)(6)...................................................................................................13

Cal. Bus. & Prof. Code § 17200 ....................................................................................13

Cal. Code Civ. Pro § 410.10 ............................................................................................4

E.D. Cal. Local Rule 230(c) .............................................................................................1

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO
DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

# I.

## INTRODUCTION[1]

This is an action for service mark infringement and unfair competition brought by a California plaintiff (Beaumont) against a Utah defendant (Carbon Emery) concerning Carbon Emery's unauthorized use of Beaumont's EPIC RV service mark which Beaumont has used in connection with recreational vehicle (RV) dealerships, including sales, repair services, parts, etc. since 2014. Defendant Carbon Emery has filed a motion to dismiss the complaint on the grounds that this Court lacks personal jurisdiction over the Defendant. The Defendant's motion is focused almost exclusively on Defendant's interactive web site www.epicrv.com, and fails to address other dispositive uncontroverted allegations in the complaint (which must be assumed to be true) that establish specific personal jurisdiction over Defendant.

As set forth in more detail below, the selection of the service mark EPIC RV by Defendant Carbon Emery was not a random act. Instead, Defendant's adoption and use of the EPIC RV mark was made with full knowledge of Beaumont's extensive prior use of this mark, and was a calculated decision made by Carbon Emery to trade on the goodwill that Beaumont had developed in the EPIC RV mark over the years. (Complaint, ¶ 20.). The deliberate selection and use of the EPIC RV mark was a purposeful act performed by Carbon Emery that knowingly had the effect of causing confusion among California consumers. Furthermore, Carbon Emery acknowledges that it specifically optimizes its internet advertising for Plaintiff's trademark EPIC RV through search engine optimization, which results in Defendant's website being highly

---

[1] Local Rule 230 governing civil motion practice was amended effective March 1, 2022. As a result of the amendment, pursuant to Local Rule 230(c), this opposition should have been filed 14 days after service of the Defendant's motion (i.e., by April 4, 2022). Since it was not, a separate Motion for Administrative Relief to file Plaintiff's opposition to Defendant's motion is being filed concurrently herewith.

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. BOX 5637
FRESNO, CA 93755-5637

visible to California consumers and thus likely to cause confusion amongst consumers Defendant and Plaintiff.  (Declaration of Jason Child, ¶ 10; Complaint, ¶ 22, Exh. E.). Because California has a strong interest in protecting its citizens from trademark infringement and consumer confusion, it is altogether reasonable for this court to exercise specific personal jurisdiction over Carbon Emery.

In addition, Carbon Emery maintains an interactive website where visitors may browse vehicle inventory, submit a detailed credit application, and order parts to be shipped anywhere in the US. (Declaration of Mark D. Miller, ¶¶ 3-6, Exhs. A-D; Complaint, ¶ 23.). Specific personal jurisdiction may be established based on such an interactive website if there is "something more." In this case, the willful acts of unfair competition and trademark infringement that are directed toward California and specifically at Plaintiff Beaumont, in conjunction with the interactive web site establish the element of "something more" needed for personal jurisdiction.

The facts of this case more than justify the exercise of personal jurisdiction over Carbon Emery, and comport with traditional notions of fair play and substantial justice. The motion to dismiss for lack of personal jurisdiction should therefore be denied.


## II.

## FACTUAL BACKGROUND

Plaintiff Beaumont operates several RV dealerships in California and Texas, including a dealership doing business under the service marks EPIC RV and EPIC RV LIQUIDATORS in Madera, California, and a dealership doing business under the service marks EPIC RV and EPIC RV DFW in Fort Worth, Texas. (Complaint, ¶ 9.). Beaumont sells RVs throughout most of the United States under the EPIC RV and EPIC RV LIQUIDATORS service marks, and has been using the EPIC RV mark itself and through its predecessors in interest since 2014. *Id.*

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

2

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

Beaumont promotes its retail services under the EPIC RV and EPIC RV LIQUIDATORS marks throughout the US through advertisements and social media. (Complaint, ¶ 14.). Beaumont and its predecessors in interest have expended considerable time, money and effort in promoting the EPIC RV word mark in connection with quality retail RV dealership services and customer care through print advertisements, internet-based advertisements on its websites https://www.epicrvliquidators.com/ and https://www.epicrvdfw.com/, and through social media, resulting in widespread recognition, esteem and goodwill of the EPIC RV and EPIC RV LIQUIDATORS marks among the RV consumer community. *Id.*

Defendant Carbon Emery first adopted the service mark EPIC RV in connection with RV dealership services in or about December 2020. (Complaint, ¶ 26, Exh. F). According to the uncontroverted allegations of the complaint, prior to that time in 2016, an individual related to the owner of Defendant Carbon Emery (Mr. Jeff Castle) met with a representative of Plaintiff Beaumont (Mr. James Tuck) in a social setting, where Mr. Castle asked Mr. Tuck many questions about the RV business. (Complaint, ¶ 18.). Thereafter, Mr. Castle made numerous follow up phone calls to Mr. Tuck in California making further inquiries about the RV business. *Id.* This information was provided to the owner of Carbon Emery (Mr. Jason Child). (Complaint, ¶ 19.). With full knowledge of Plaintiff's prior use of the EPIC RV mark, Mr. Child caused Carbon Emery to adopt and use the EPIC RV mark, and acquired the domain name www.epicrv.com for use in connection with RV dealership services. (Complaint, ¶ 20.). The selection of the EPIC RV mark was done for the purpose of specifically targeting the California market (Complaint, ¶ 22.), with the result of causing confusion with respect to Plaintiff's use of the same mark in California (Complaint, ¶ 24.). Furthermore, Defendant acknowledges that it engages in internet marketing that specifically targeting Plaintiff's EPIC RV mark through search engine optimization (SEO), which results in Defendant's website being highly visible to

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA 93755-5637

3

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO
DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

California consumers and thus likely to cause confusion amongst consumers Defendant and Plaintiff.  (Declaration of Jason Child, ¶ 10; Complaint, ¶ 22, Exh. E.).

These facts demonstrate knowing and purposeful conduct on the part of the Defendant designed to have a direct effect on consumers in California by causing confusion with Plaintiff's EPIC RV mark resulting in damages to Plaintiff's business in California, and therefore establish a strong basis for specific jurisdiction.


**III.**

**ARGUMENT**

**A.    Legal Framework for a Motion to Dismiss for Lack of Jurisdiction**

Defendant Carbon Emery has moved to dismiss the complaint on file herein pursuant to Fed.R.Civ., Rule 12(b)(2) on the grounds that this Court lacks personal jurisdiction over Carbon Emery. The plaintiff bears the burden of demonstrating that personal jurisdiction is proper. *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004).  However, "[w]here, as here, the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'"  *Id.* (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). Thus, the Court should take as true all uncontroverted allegations in the complaint and resolve all genuine factual disputes in the plaintiff's favor.  *Id; CollegeSource, Inc. v. AcademyOne Inc*., 653 F. 3d 1066, 1073 (9th Cir. 2011).

California, has what is known as a "long arm" statute permitting local courts to exercise jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." California Code of Civ. Pro. § 410.10. "'Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.' Because 'California's long-arm

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. BOX 5637
FRESNO, CA 93755-5637

statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution,' our inquiry centers on whether exercising jurisdiction comports with due process." *Picot v. Weston* 780 F.3d 1206, 1211 (9th Cir. 2015) (internal citations omitted) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)).

Federal due process permits a court to exercise personal jurisdiction over a nonresident defendant if that defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Those contacts may be so continuous and systematic as to render a defendant essentially at home in the forum state and amenable to any suit there. Alternatively, a court may exercise jurisdiction over "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The Supreme Court has referred to these different bases for personal jurisdiction as "general" and "specific" jurisdiction. *See, e.g., id.; Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1779–80 (2017).

In order to determine whether the exercise of specific personal jurisdiction will satisfy the requirements of due process, the Ninth Circuit applies a three-part test. First, "[t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). Second, the claim must arise out of or relate to the defendant's forum-related activities. *Id.* Finally, the exercise of jurisdiction must be reasonable. *Id.* The plaintiff must satisfy the first two prongs of this test. "If the plaintiff succeeds in satisfying both of the first two prongs, the

5

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA 93755-5637

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO
DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

### B.     Carbon Emery is Subject to Specific Personal Jurisdiction in California

As noted above, the Ninth Circuit applies a three-part test to determine whether the exercise of personal jurisdiction will satisfy due process: (1) the nonresident defendant must (a) do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or (b) purposefully direct his activities or consummate some transaction with the forum or resident thereof; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Schwarzenegger*, 374 F.3d at 802; *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

### 1.     Specific Personal Jurisdiction Exists over Carbon Emery Based on its Acts of Trademark Infringement Directed at California

#### a.  Carbon Emery Purposefully Directed its Activities Toward California and Plaintiff

In *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 9 L.Ed.2d 804 (1986), the Supreme Court held that a foreign act that is both aimed at and has effect in the forum state satisfies the purposeful availment prong of the specific jurisdiction analysis. To meet the effects test, the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA 93755-5637

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

forum state, and (3) caused harm, the [brunt] of which is suffered and which the defendant knows is likely to be suffered in the forum state. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir.1998). Subsequent cases have stated that there must be "something more". *Panavision*, 141 F.3d at 1322. The "something more" requirement is what the Supreme Court described as "express aiming" at the forum state. *Calder*, 465 U.S. at 789, 104 S.Ct. 1482; *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1088 (9th Cir.2000), overruled on other grounds by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206–07 (9th Cir.2006).

Here, the Defendant had full knowledge of Plaintiff's prior use of the EPIC RV mark in California, and intentionally adopted the same mark and built an RV dealership business using Plaintiff's mark.  Defendant also promotes its use of Plaintiff's EPIC RV mark across the internet through search engine optimization.    (Declaration of Jason Child, ¶ 10). Since the Defendant started a new business venture in connection with a mark which it knew was already in use in California, this attempt to trade on Plaintiff's goodwill can only be considered expressly aimed at California. The Defendant's acts were not random, fortuitous or attenuated contacts over which they had no control.  Defendant's deliberate acts resulted in harm to the Plaintiff by causing actual confusion between Defendant and Plaintiff among consumers in California, and will continue to harm the business and reputation of Plaintiff (Complaint, ¶ 21.). Thus, this prong of the test is satisfied.

### b.  Carbon Emery Conducts Business Through a Highly Interactive Website

Defendant operates a highly interactive web site under the infringing domain www.epicrv.com, through which a California resident may apply for financing to purchase an

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. BOX 5637
FRESNO, CA 93755-5637

RV from Carbon Emery (Child Decl., ¶ 7; Miller Decl. ¶ 3, Exh. A.).  A California resident may also order parts and have them shipped to California through Defendant's web site. (Miller Decl., ¶¶ 4-6, Exhs. B-D.). The Defendant's web site anticipates that California residents will order parts through it, since the privacy notice includes three pages titled "Privacy Notice for California Residents." (Miller Decl., ¶ 7, Exh. E.). Interactivity of a website is a factor considered in purposeful direction analysis. *Wonderful Co. LLC v. Nut Cravings*, No. 2:20-cv-11738-SVW-JEM, 2021 U.S. Dist. LEXIS 154734, at *7-8 (C.D. Cal. Apr. 22, 2021).  When evaluating the jurisdictional relevance of a website, the Ninth Circuit relies on a "sliding scale analysis" to determine the relevance of a defendant's online activities to the exercise of personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1018 (9th Cir.2008). Under that analysis, the court examines "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site" to determine if the defendant's activities rise to a level that allows the exercise of jurisdiction comport with traditional notions of fair play and substantial justice. *Cybersell*, 130 F.3d at 420 (citing *Zippo Mfg. Co.*, 952 F.Supp. at 1124).  A defendant who merely maintains a "passive website" and does "nothing to encourage residents of the forum state to access [the] site" will not be subject to jurisdiction on that basis. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir.2000).  At the other end of the sliding scale are highly interactive website is one in which business is clearly conducted through the website. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D.Pa.1997).  A passive website is insufficient to meet this standard, as such a website creates the mere foreseeability of effects in the forum state.  "Something more" than mere foreseeability of possible harm is needed in order to justify the assertion of personal jurisdiction, and requires a wrongful act aimed at the Plaintiff in the forum. *Bancroft & Masters*, 223 F.3d at 1087.

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. BOX 5637
FRESNO, CA  93755-5637

8

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

In this case, the Defendant's website www.epicrv.com is not passive. It is possible for any user to sensitive personal and financial information with Carbon Emery's website through an online credit application for pre-approval of a loan to purchase a vehicle. (Child Decl., ¶ 7; Miller Decl. ¶ 3, Exh. A.). The website thus enables a financial and business transaction between Carbon Emery and the applicant, providing an online portal to establish an evaluation of the applicant's credit worthiness and an offer of financing by Carbon Emery.  It is also possible for a visitor to the website to order vehicle parts and to have them delivered anywhere in the United States, "We ship via UPS Ground or US Postal Service in the continental US. Shipments to Alaska & Hawaii and International orders will have an additional shipping cost applied." (Miller Decl., ¶ 6, Exh. D.). In fact, it appears that the only way to order parts is interactively, through the website, which provides "Orders accepted via secure online order form only." *Id*. Accordingly, the Defendant's web site is highly interactive, and it can be rightfully said that Carbon Emery's website that actively and directly links vehicles and parts it offers to residents of the State of California.

Furthermore, Defendant has knowingly built a competing business on Plaintiff's EPIC RV service mark.  Defendant promotes its website and its use of Plaintiff's EPIC RV mark through internet marketing techniques to everyone with internet access in California with full knowledge of Plaintiff's prior and continuing use of its EPIC RV mark in California. Defendant's adoption of the EPIC RV mark is not simply knowing infringement of Plaintiff's early rights in the mark.  Defendant has deliberately built a business based on information provided by Plaintiff to Mr. Castle using Plaintiff's EPIC RV service mark (Complaint, ¶¶ 18-20.).  This deliberate copying of Plaintiff's business and identity is "'something more' …[indicating] that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state." *Cybersell*, 130 F.3d at 418; *Pebble Beach Co. v. Caddy*, 453

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

F.3d 1151, 1156 (9th Cir.2006) (requiring "something more" than a passive website to confer specific jurisdiction in a trademark infringement action).

Carbon Emery therefore purposefully directs its activity at the forum state with knowledge that its activities are likely to cause harm to Plaintiff in the forum. Carbon Emery is thus subject to specific jurisdiction in this action.

### c.   Carbon Emery Purposefully Avails Itself of the Benefits of the California Forum Through a Highly Interactive Website and its Ongoing Business with California RV Manufacturers

A "defendant has purposely availed himself of the benefits of a forum if he has deliberately engaged in significant activities within a State or has created continuing obligations between himself and the residents of the forum." *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (citing *Burger King*, 471 U.S. at 475-76).  To determine whether the first prong is satisfied, a defendant's acts "must be considered on a cumulative basis." *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 674 (S.D. Cal. 2001); *Facebook, Inc. v. ConnectU LLC*, 2007 U.S. Dist. LEXIS 61962 at *14-*16 (N.D. Cal. 2007) at *13 ("the analysis cannot turn on each alleged contact taken separately, but on all of the contacts taken as a whole"). Those contacts "in addition to the Internet" must be considered along with Internet-based contacts even if the Internet-based contacts are not, standing alone, sufficient to confer jurisdiction. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997); See Rio, 284 F.3d at 1021.

As explained above, Carbon Emery operates a highly interactive website at the www.epicrv.com domain highly visible to Californians, through which it advertises RVs for sale under the EPIC RV mark, accepts financing applications, and sells RV parts.  In addition,

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA 93755-5637

10

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

Carbon Emery has ongoing and sustained business transactions with an RV manufacturer present in California.  (Declaration of James Tuck, ¶¶ 4-5, Exh. A.).  Defendant sells Sandstorm branded RVs manufactured by Forest River, Inc. ("Forest River") that can only be obtained from Forest River's manufacturing operations in the cities of Hemet, California and Rialto, California.  Thus, Carbon Emery has ongoing and sustained business transactions with Forest River in California to purchase RVs that are then sold under its infringing use EPIC RV mark at its dealership in Helper, Utah.

As a result, Carbon Emery has purposefully availed itself of the benefits and protections of the California forum and is thus subject to specific jurisdiction in this action for these additional reasons.

### d.  Plaintiff's Complaint Arises Directly out of Carbon Emery's California Activities

The Ninth Circuit relies on a "but for" test to determine whether a particular claim arises out of forum-related activities in order to satisfy the second requirement for specific jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir.1995). In this case, the goodwill and reputation of Plaintiff Beaumont has been harmed by the very confusion caused by the Defendant's intentional unauthorized use of its EPIC RV mark.  Additionally, RVs sold by Defendant under the EPIC RV mark are acquired by Defendant through purchases made by Defendant from California manufacturers.  Thus, the harm inflicted on Plaintiff by Defendant arises directly out of the Defendant's California activities, and this prong of the test is hence satisfied.

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. BOX 5637
FRESNO, CA  93755-5637

11

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

**e.  The Exercise of Specific Jurisdiction Over Carbon Emery is**

**Reasonable**

Since the Plaintiff has established purposeful availment, the burden shifts to the Defendant to "present a compelling case" that the exercise of jurisdiction would be unreasonable. *Ballard*, 65 F.3d at 1500 (citing *Burger King*, 471 U.S. at 477). This determination requires the balancing of seven factors: (1) the extent of purposeful interjection; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in the dispute; (5) the most efficient forum for judicial resolution of the dispute; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Gray & Co.*, 913 F.2d at 761.

In this case, the Defendant cannot carry its burden to show unreasonableness. The first factor, purposeful interjection, is analogous to that of purposeful availment. *Sinatra v. National Enquirer, Inc*., 854 F.2d 1191, 1199 (9th Cir.1988). As discussed above, the defendant's activities in California satisfy this requirement. As for the second, fifth, sixth and seventh factors, advances in communication and transportation have reduced the burden of cross-country litigation; and the defendant's burden of litigating in this forum must be weighed against the plaintiff's convenience. Any conflicting sovereignty interests are accommodated through choice-of-law rules. *Gray & Co*., 913 F.2d at 761. Finally, California has a strong interest in protecting its citizens from trademark infringement and consumer confusion. *Nissan Motor CO. Ltd. v. Nissan Computer Corp*. 89 F.Supp.2d 1154, 1161 (C.D. Cal. 2000). Thus, when these factors are balanced, it would be entirely reasonable for the Court to exercise personal jurisdiction over the Defendant in this case.

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

12

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

## C.     The Motion to Dismiss Under Rule 12(b)(6) Should be Denied

Defendant Carbon Emery has brought an alternative motion to dismiss plaintiff's request for restitution under Cal. Bus. & Prof. Code § 17200, and its claim for unjust enrichment, for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

Facts supporting damages/restitution that Plaintiff seeks by way of its claim for unfair business practices engaged in by the Defendant have been adequately pled, including the pled damages recoverable.  Defendant misconstrues *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003), by asserting erroneously that a claim for restitution damages under the UCL (i.e., Unfair Competition Law; Bus. & Prof. Code §17200, et seq.) may not be stated where the plaintiff seeks to recover profits purloined by Defendant.  On the contrary, the court in *Korea Supply Co.* actually reaffirms that the lost profits sought by Plaintiff in this case are recoverable under a UCL claim:

> "The present case merely confirms what we have previously held: Under the UCL, an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the Defendant *or benefits in which the plaintiff has an ownership interest* [emphasis added]. . .

> The remedy sought by plaintiff in this case is not restitutionary because plaintiff does not have an ownership interest in the money it seeks to recover from defendants.  First, it is clear that plaintiff is not seeking the return of money or property that was once in its possession. . .

> Further, the relief sought by plaintiff is not restitutionary under an alternate theory because plaintiff has no vested interest in the money it seeks to recover.  We have stated that '[t]he concept of restoration or restitution, as used in the UCL, is not limited only to the return of money or property that was once in the possession of that person.'  (*Cortez*

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA 93755-5637

[*v. Purolator Air Filtration Products Company* (2000) 23 Cal.4th, 163] at p. 178.) Instead, restitution is broad enough to allow a plaintiff to recover money or property to which he or she has a vested interest.  In Cortez, we determined that 'earned wages that are due and payable pursuant to section 200, et seq. of the Labor Code are as much the property of the employee who has given his or her labor to the employer in exchange for that property as property a person surrenders through an unfair business practice.' . . . Therefore, we concluded that such wages could be recovered as restitution under the UCL.  We reached this result because 'equity regards that which ought to have been done as done [citation], and thus recognizes equitable conversion.' (*Cortez*, supra, at p. 278.)" 29 Cal.4th 1148-1149.

Here, just as the plaintiff in *Cortez* had an ownership interest in wages that had been earned but not paid by the employer, so too does Plaintiff have an ownership interest in its mark and the money generated therefrom. Plaintiff is entitled to the resulting profits received by Defendant in causing confusion to customers who did business with the wrong entity because of misappropriation of the name.  The facts in this case are, thus, to be distinguished from the insufficient restitution claim advanced by the plaintiff in *Korea Supply Co.*, which sought merely an "expectancy interest" for the sale of military equipment to the Republic of Korea, which "expectancy interest" was interfered with by the defendant corporation which bribed Korean government officials.  The plaintiff in *Korea Supply Co.*, thus, did not come within the alternative restitutionary theory discussed by the California Supreme Court in *Cortez*, where the plaintiff was deemed to have a "vested interest" in the money he sought to recover.  In this case, the interest of Plaintiff is vested, which is precisely why Carbon Emery chose to misuse Plaintiff's name to deprive Plaintiff of business.

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. BOX 5637
FRESNO, CA 93755-5637

14

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

# IV.

## REQUEST FOR LIMITED DISCOVERY

If the Court finds it advisable, Beaumont respectfully requests an opportunity to conduct jurisdiction-based discovery as further directed by the Court prior to a final ruling on the Motion.

### A.    The Evidence Submitted by Carbon Emery Requires Examination

In support of its motion, Defendant submitted a declaration containing numerous assertions regarding Defendant's contacts with California which should be the subject of cross examination. In addition, the declaration is supported by eight (8) different exhibits, one of which is 439 pages in length.  Because of this extensive evidence, and subject to Carbon Emery's potential objections to production, it is requested that limited discovery be allowed including a limited deposition of the declarant (Mr. Child) as to the jurisdictional issues raised in his declaration, as well as Defendant's contacts with California, i.e., marketing and sales activities, number California customers who have purchased parts online, actual California sales figures, geographical distribution of California customers, contacts between Carbon Emery and it sources of vehicles, etc. Indeed, "Requests for such discovery should ordinarily be granted 'where pertinent facts bearing on the question of jurisdiction are controverted…or where a more satisfactory showing of the facts is necessary." *Wine Bottle Recycling v. Niagara Sys. LLC*, No. 12-1924 SC, 2013 U.S. Dist. Lexis 37273, at *25 (N.D. Cal Mar. 18, 2013) (quoting *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). Courts have found that denial of jurisdictional discovery constitutes an abuse of discretion when further discovery "might well demonstrate facts sufficient to constitute a basis for jurisdiction." *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd*., 328 F. 3d 1122, 1135 (9th Cir. 2003).

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA 93755-5637

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V.**

**CONCLUSION**

Since the facts in this case demonstrate that specific personal jurisdiction exists over Defendant Carbon Emery, the Defendant's motion to dismiss the complaint should be denied. Alternatively, Plaintiff seeks the opportunity to conduct jurisdictional discovery.

Dated:  April 8, 2022

SIERRA IP LAW, PC
A Professional Corporation


By    */William K. Nelson/*
      WILLIAM K. NELSON
      Attorneys for Plaintiff,
      BEAUMONT RV, INC.

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO
DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on April 8, 2022, the foregoing was filed using CM/ECF, which

3   automatically sent a notification of the filing to all counsel of record.

4                                        By    */William K. Nelson/*
                                               WILLIAM K. NELSON
5                                              Attorneys for Plaintiff,
                                               BEAUMONT RV, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. BOX 5637
FRESNO, CA  93755-5637

MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF BEAUMONT RV, INC. IN OPPOSITION TO
DEFENDANT CARBON EMERY RV, INC.'S MOTION TO DISMISS THE COMPLAINT